UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY BRUNSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-1012 |
| | ) |
| FRANCISCAN ALLIANCE, INC. d/b/a | ) |
| FRANCISCAN HEALTH INDIANAPOLIS, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ashley Brunsman (hereinafter "Brunsman"), by counsel, for her cause of action against Defendant, Franciscan Alliance, Inc. d/b/a Franciscan Health Indianapolis (hereinafter "Defendant"), alleges and states as follows:

### I.   NATURE OF CASE.

1. Brunsman brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000e, *et seq.* alleging discrimination based on religion.

### II.   PARTIES.

2. Brunsman, at all times relevant to this action, resided in Hamilton County, Indiana, which is in the Southern District of Indiana, Indianapolis Division.

3. Defendant is a domestic non-profit corporation doing business within the Southern District of Indiana.

### III.   JURISDICTION.

4. This Court has jurisdiction over the subject matter of this matter pursuant to 28

U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

6. Brunsman was an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

7. Brunsman satisfied her obligation to exhaust her administrative remedies by timely filing Charge Number 470-2022-02430 with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination on the basis of religion. The EEOC issued its *Notice of Right to Sue* on March 15, 2023 and Brunsman timely filed this Complaint within ninety (90) days thereof.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen in the geographical environs of the Southern District of Indiana.

## IV. FACTUAL AND LEGAL ALLEGATIONS.

9. Defendant re-hired Brunsman on or around May, 2021, as a Registered Nurse, a position she held throughout her employment (Brunsman had previously been employed by Defendant from November 2015 through approximately October 2016). At all relevant times, Brunsman met or exceeded the legitimate performance expectations of Defendant.

10. In mid-November 2021, Defendant announced that, in compliance with the Centers for Medicare and Medicaid ("CMS"), it was implementing a mandatory COVID-19 vaccination program.

11. On or about November 23, 2021, Defendant notified its employees that the deadline for submitting medical or religious exemptions to the COVID-19 vaccination mandate was December 4, 2021, with determinations to be made on or before January 4, 2022.

12. On or about January 19 and January 28, 2022, Defendant notified its employees

that, with respect to its Indiana facilities, February 14, 2022 was the deadline for "all workers to have received the first dose in a two-dose vaccine series (Pfizer or Moderna, or a single-dose vaccine (Johnson & Johnson).   Additionally, again with respect to its Indiana facilities, Defendant notified its employees that March 15, 2022, was the deadline for "all workers to have received the necessary doses to complete the vaccine series (e.g., second dose of a two-dose vaccine) and have provided proof of vaccination to Employee Health or received an approved exemption."   [Exhibit A].

13. Nothing in Defendant's January 19 and 28, 2022, notifications to its employees mentioned any deadline to submit a request for an exemption.   Instead, the notification mentions only the need for *approval* of an exemption by March 15, 2022.   [Id.].

14. During this time frame, approximately December 2021 though February 2022, Brunsman sought sign-off from her both her primary care physician and her OBGYN on a medical exemption to Defendant's mandatory COVID-19 vaccination requirement as she was pregnant at the time and was concerned with how the vaccination could potentially harm her child.   Both physicians were employed by Defendant and advised Brunsman that, per Defendant's instructions, they were "not authorized" to provide a medical exemption to employees of Defendant.

15. On February 7 and 8, 2022, Brunsman's supervisor, Cindy Frankel, left her voicemails regarding the need for Brunsman's COVID vaccination card.

16. On February 11, 2022, Brunsman notified Frankel that she was to consult with her priest regarding a request for a religious accommodation.   Frankel responded that Brunsman would be placed on suspension beginning February 14 and that she would reconnect with Brunsman on that date to see what Brunsman found out from her priest.

17. On February 16, 2022, Brunsman informed Frankel that she was still trying to get the priest's assistance. Frankel responded:

> Ok. I am to file corrective action for your non compliance, therefore effective 2/14 you are on suspension for non compliance to the mandatory COVID 109 vaccine policy. You are unable to work *until you are compliant.*
>
> Just update me when you r able to connect with your priest and I would like to help in anyway to reach compliance. *As long as you file an exemption and it is in the decision process you are able to work and will be removed from suspension.*

[Exhibit B (emphasis added)].

18. Later on February 16, 2022, Brunsman advised Frankel that she spoken with her priest and would file for a religious exemption, but that she was not able to log in to Defendant to do so. Frankel responded that "human resource clarified that *12/13 was the last date to file a religious exemption at this point you are able to file a medical exemption and that is all. I did not realize that after 12/134 you were only able to file a medical exemption.*" [Id. (emphasis added)].

19. On February 21, 2022, Frankel texted Brunsman informing her that her religious exemption request should be tied to her religious beliefs. Confused, Brunsman responded, "I thought I wasn't allowed to fill out the religious exemption bc of the deadline?" [Id.]. Frankel responded that she had followed up with human resources and was informed that Brunsman could still request a religious exemption but would have to explain why the request was late.

20. On February 22, 2022, Brunsman notified Frankel that she had submitted her request for a religious exemption.

21. On February 24, 2022, Frankel texted Brunsman:

> I followed up with HR yesterday to see if they could see your exemption

> that you filed and human resource explained that you cannot submit your initial religious exemption after the due date which I apologize because I was initially misinformed by a human resource because they said you could, human resource said one I looked up your profile they noticed that you never filed an exemption so you do not have the option to file at this point.   At this point you are able to file a medical exemption or get vaccinated.   If none of these options are appropriate for you and you feel the need to provide a resignation you can send that to my email.   I am apologize Ashley that we were misinformed.

[Id.].  Brunsman responded that she had no intention of resigning.

22. On February 25, 2022, Amanda Wells notified Brunsman that, the opportunity to submit a religious exemption had passed and that her request was denied.

23. Defendant failed and/or refused to evaluate Brunsman's request for a religious accommodation to determine whether Brunsman maintained a sincerely held religious belief that conflicts with an employment requirement, instead simply rejecting out of hand.

24. Defendant did not deny Brunsman's religious accommodation request due to undue hardship.

25. On April 22, 2022, Defendant terminated Brunsman's employment because of her religion in violation of Title VII of the Civil Rights Act of 1964.

26. Defendant failed to accommodate Brunsman's strongly held religious beliefs in violation of Title VII of the Civil Rights Act of 1964.

## V.   CAUSES OF ACTION.

### COUNT I – TITLE VII: FAILURE TO ACCOMMODATE RELIGION.

27. Brunsman incorporates paragraphs one (1) through twenty-six (26) of her Complaint as if they were set forth at length herein.

28. Brunsman requested a religious accommodation to be exempt for Defendant's COVID-19 vaccination mandate due to her strongly held religious beliefs.

29. Defendant denied Brunsman's requested accommodation without considering its merits and terminated her employment.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Brunsman's rights as protected by Title VII of the Civil Rights Act of 1964.

### COUNT II – TITLE VII: RELIGIOUS DISCRIMINATION

31. Brunsman incorporates paragraphs one (1) through thirty (30) of her Complaint as if they were set forth at length herein.

32. Defendant terminated Brunsman because of her religion in violation of Title VII of the Civil Rights Act of 1964.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Brunsman's rights as protected by Title VII of the Civil Rights Act of 1964.

### VI.  REQUESTED RELIEF.

WHEREFORE, Plaintiff, Ashley Brunsman, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary relief to make her whole;

2. Reinstate Brunsman to her position with seniority, or award Brunsman front pay in lieu thereof;

3. Compensatory and punitive damages;

4. All costs and attorney's fees incurred as a result of bringing this action;

5. Pre- and post-judgment interest on all sums recoverable; and

6. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

John H. Haskin (7576-49)
Craig M. Williams (21425-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone (317) 955-9500
Facsimile (317) 955-2570
jhaskin@jhaskinlaw.com
cwilliams@jhaskinlaw.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Ashley Brunsman, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully Submitted,

John H. Haskin (7576-49)
Craig M. Williams (21425-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone (317) 955-9500
Facsimile (317) 955-2570
jhaskin@jhaskinlaw.com
cwilliams@jhaskinlaw.com

Attorneys for Plaintiff